TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (Bar # 111536)
GIA L. CINCONE (Bar # 141668)
Two Embarcadero Center, 8th Floor
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email:  gsgilchrist@townsend.com, glcincone@townsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>                    Plaintiff,<br><br>          v.<br><br>KOMAN SPORTWEAR MANUFACTURING CORPORATION, *et al.*<br><br>                    Defendants. | Case No. C 07-0388 JL<br><br>**STIPULATION TO FINAL JUDGMENT AND PERMANENT INJUNCTION** |

          Plaintiff Levi Strauss & Co. and Defendant L.S.V. Worldwide, Ltd. hereby stipulate to the facts and conclusions contained in the attached Final Judgment and Permanent Injunction and consent to its entry by the court.

IT IS SO STIPULATED AND CONSENTED.

DATED:  June 5, 2007                    TOWNSEND AND TOWNSEND AND CREW LLP

                              By:     /s/ Gia L. Cincone
                                        Gia L. Cincone
                                   Attorneys for Plaintiff Levi Strauss & Co.

DATED:  June 5, 2007                    DARBY & DARBY P.C.

                              By:     /s/ Andrew Baum
                                        Andrew Baum
                                   Attorneys for Defendant L.S.V. Worldwide, Ltd.

1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 LEVI STRAUSS & CO.,                        Case No. C 07-0388 JL

12              Plaintiff,                    **FINAL JUDGMENT UPON
                                              CONSENT AND PERMANENT
13       v.                                   INJUNCTION AGAINST
                                              DEFENDANT L.S.V. WORLDWIDE,
14 KOMAN SPORTWEAR MANUFACTURING              LTD.**
   CORPORATION, *et al.*
15
                Defendants.
16

17

18       Plaintiff Levi Strauss & Co. ("LS&CO.") has filed a Complaint alleging trademark

19 infringement, dilution, and unfair competition under federal and California law against defendant

20 L.S.V. Worldwide, Ltd. ("L.S.V.").  LS&CO. alleges that L.S.V. has manufactured, promoted, and

21 sold clothing, including denim jeans, that violates LS&CO.'s rights in its registered Arcuate Stitching

22 Design Trademark (the "Arcuate trademark").

23       The Court now enters final judgment based upon the following undisputed facts. Each party

24 has waived the right to appeal from this final judgment and each party will bear its own fees and costs

25 in connection with this action.

26 **I.      STIPULATED FACTS AND CONCLUSIONS**

27       A.      This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction

28 over L.S.V.  Venue is proper in this Court.

B.     LS&CO. owns the Arcuate trademark, which is a valid and famous trademark of LS&CO. and which is registered as follows for use on a variety of casual apparel:

a.     U.S. Registration No. 1,139,254 (first used as early as 1873; registered September 2, 1980);

b.     U.S. Registration No. 404,248 (first used as early as 1873; registered November 16, 1943);

c.     U.S. Registration No. 2,791,156 (first used as early as September 1, 1936; registered December 9, 2003);

d.     U.S. Registration No. 2,794,649 (first used as early as 1873; registered December 16, 2003);

e.     California Registration No. 088399 (first used as early as 1873; registered August 24, 1988).

C.     L.S.V. has manufactured, distributed, and sold jeans under the brand name ONE TUFF BABE that display the pocket designs illustrated in Exhibit A (the "L.S.V. designs").  The L.S.V. designs are confusingly similar to LS&CO.'s Arcuate trademark and have been used on directly competing products.

## II.     ORDER

It is hereby ordered and adjudged as follows:

1.     L.S.V. shall pay the sum of $5,000.00 to LS&CO. within ten days of entry of this Judgment.

2.     Commencing as of the "So Ordered" date of this Final Judgment and Permanent Injunction, L.S.V., its principals, agents, employees, officers, directors, servants, successors, and assigns, and all persons acting in concert or participating with it or under its control who receive actual notice of this Order, are hereby permanently enjoined and restrained, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

a.     Manufacturing, licensing, selling, offering for sale, distributing, importing, exporting, advertising, promoting, or displaying any products that display any stitching or other design in any of the shapes illustrated in Exhibit A, or any other stitching or design that is substantially

1    similar to any of the L.S.V. designs or to the Arcuate trademark;

2         b.    Manufacturing, licensing, selling, offering for sale, distributing, importing,

3    exporting, advertising, promoting, or displaying any products that display any stitching or other design

4    that may reasonably be believed to be as similar or more similar to the Arcuate trademark than any of

5    the L.S.V. designs;

6         c.    Violating the rights of Levi Strauss & Co. in and to its Arcuate trademark; and

7         d.    Assisting, aiding or abetting any person or entity engaging in or performing any

8    act prohibited by this paragraph.

9         3.    In the event that L.S.V. violates the terms of this Judgment by making, selling or

10   offering for sale garments displaying any of the designs illustrated in Exhibit A, it shall pay to

11   LS&CO. liquidated damages of (a) 10% of the sales revenue received by L.S.V. at any time on

12   account of such garments, or (b) $7,500, whichever is greater, and judgment shall be entered against

13   L.S.V. for that amount.  L.S.V. specifically acknowledges that this is a reasonable estimate of the

14   damages to which LS&CO. would be entitled by virtue of L.S.V.'s sales of such garments and the

15   costs LS&CO. has incurred in enforcing its rights.  Such liquidated damages shall be in addition to

16   any further damages award or equitable relief to which LS&CO. may be entitled with respect to future

17   sales by L.S.V. that violate LS&CO.'s trademark rights, but any payments made by L.S.V. pursuant to

18   this paragraph shall be deemed a credit against any potential award of damages under this paragraph.

19        4.    This Court shall retain jurisdiction for the purpose of making any further orders

20   necessary or proper for the construction or modification of this Judgment, the enforcement thereof,

21   and/or the punishment for any violations thereof.  If LS&CO. commences an action for enforcement

22   of this Judgment, the prevailing party shall be awarded reasonable attorneys' fees and costs from the

23   other party.

24   ///

25   ///

26   ///

27   ///

28   ///

5.      For the purpose of any future proceeding to enforce the terms of this Judgment, service by mail upon a party or their counsel of record at their last known address shall be deemed adequate notice for each party.

IT IS SO ORDERED AND ADJUDGED.


DATED: _____June 6, 2007_____        _____
                                          Hon. James La
                                          United States C

61034923 v1

IT IS SO ORDERED

Judge James Larson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA





Exhibit A-1





Exhibit A-2